GEORGE SOUTHARD *versus* GEORGE RICKER, *Appellant.*

Judicial notice can be taken only from the return of the selectmen, as to the posting of notices for the location of a town way, and if they omit to state in their return that such notices were posted " *in the vicinity of the proposed route,*" the court cannot determine the road to have been legally established.

THE parties in this case agreed upon the following statement of facts:

This is an action of trespass commenced before a justice of the peace, for breaking and entering the plaintiff's close, in Alton, in this county. Judgment was for the plaintiff in the court below, for damage and costs, from which the defendant appealed in due form.

The records of the town of Alton show that in pursuance of an application, the selectmen of Alton for 1851 laid out a town way in said town, and made return of their doings as follows:

" The subscribers, selectmen of Alton, on the application of George Ricker and als., to lay out a town way in said town, beginning at the Bennock road, and ending at James Doleff's south line; having given seven days' notice of our intentions to lay out the same, and stated in said notice the *termini* thereof, by posting up said notice in two public places in said town, viz.: one at the tavern of A. S. Mansel, and

one at the school-house in school district No. 2, in said town on," &c. We therefore lay out said way," &c.

*G. P. Sewall,* counsel for the plaintiff, argued, with other objections, that the selectmen did not observe the requirements of R. S., chap. 25, sec. 28, requiring them to state in their return, that the notices prescribed in that section were posted in the vicinity of the proposed route.

*J. H. Hilliard,* counsel for the defendant.

CUTTING, J. If the town way crossing the plaintiff's close was legally established, the defendant was justified in doing the act complained of; otherwise not; and the burden is upon him.

We sssume that the procedings were correct, or by the proposed amendments may be made so, as it regards the notice of the meeting at which the road was accepted by the town, and that the non-assessment of damages by the selectment was immaterial, for the authorities cited by the defendant's counsel would seem to authorize such a conclusion. And still there remains another objection, where no amendment has been proposed, to the legality of the way, which we deem a valid one.

R. S., chap. 25, sec. 28, provides that " No such town or private way shall be laid out or altered, unless seven days previous thereto, a written notice of the intention of the selectmen of the town to lay out or alter the same, and stating the *termini* of such road, shall be posted up in two or more public places in the town, *and in the vicinity of the proposed route.*"

It does not appear in the selectmen's return of their doings that the notices were posted up in the vicinity of the proposed route. The notices may have been so posted, but such fact should appear affirmatively from the return; since from that alone we can take judicial notice, and can infer nothing except from what appears.

When we consider that " private property shall not be

taken for public uses without just compensation," and that the statute is explicit in prescribing the notice to be given, and also perceive that the statute may have been violated in that particular, we cannot determine the road to have been legally established. Consequently the defendant is to be defaulted, and judgment rendered for the amount agreed upon by the parties.